UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FIRSTENERGY GENERATION LLC<br>76 South Main Street,<br>Akron, Ohio 44308 | CASE NO. |
| FIRSTENERGY CORP.<br>76 South Main Street,<br>Akron, Ohio 44308 | JUDGE |
| and | |
| FIRSTENERGY GENERATION<br>MANSFIELD UNIT 1 CORP.<br>76 South Main Street,<br>Akron, Ohio 44308 | **COMPLAINT FOR BREACH OF CONTRACT AND DECLARATORY RELIEF** |
| Plaintiffs, | *JURY DEMAND ENDORSED HEREON* |
| vs. | |
| VALLEY FORGE INSURANCE COMPANY<br>333 S. Wabash Ave.<br>Chicago, Illinois 60604 | |
| Defendant. | |

Plaintiffs FirstEnergy Generation LLC ("FE Generation"), FirstEnergy Corp. ("FE Corp."), and FirstEnergy Generation Mansfield Unit 1 Corp. ("FE Mansfield") for their

1

complaint against Defendant Valley Forge Insurance Company ("Valley Forge"), allege as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff FE Generation is a limited liability company organized under the laws of the State of Ohio. FE Generation has a single member that is a corporation organized under the laws of the State of Ohio with a principle place of business in Akron, Ohio.

2. Plaintiffs FE Corp. and FE Mansfield are incorporated under the laws of the State of Ohio with their principal place of business in Akron, Ohio.

3. On information and belief, Valley Forge is an Illinois corporation licensed to engage in the business of insurance in the State of Ohio.

4. This action is brought by FE Generation, FE Corp., and FE Mansfield against Valley Forge for breach of contract, and for declaratory judgment pursuant to 28 U.S.C. §2201(a) and Rule 57 of the Federal Rules of Civil Procedure.

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S. Code §2201(a), 28 U.S. Code §1332, and other statutory and procedural grounds.

6. There is complete diversity of citizenship and the amount in dispute exceeds $75,000.

7. This Court has *in personam* jurisdiction over Valley Forge because Valley Forge transacts insurance business in the State of Ohio and/or has established the required minimum contacts with the State of Ohio.

8. Venue properly lies in this Court pursuant to 28 U.S.C. §1391(b) because one of the contracts which forms the basis of this dispute was negotiated within Summit County, Ohio, and because Valley Forge is subject to this Court's personal jurisdiction.

## FACTUAL ALLEGATIONS

### The Service Contract

9. FE Generation, through its agent, entered into Services Contract No. 46103318, effective January 1, 2016 to September 30, 2022 with Enerfab, Inc. ("Enerfab") (the "Service Contract"), in which Enerfab agreed to provide general maintenance, boiler, and mechanical services at, among other locations, the Bruce Mansfield Plant ("Bruce Mansfield"), a coal-fired power plant located at 128 Ferry Road, Shippingport, Pennsylvania. The Service Contract is voluminous, contains confidential information, and, upon information and belief, is in the possession of Valley Forge.

10. The Service Contract contains a section titled "Contractor Safety Requirements," which provides that Enerfab is responsible for the safety of its workers:

> The Contractor [Enerfab] shall take all necessary precautions for the safety and health of its employees and those of its subcontractors engaged in this Work, and shall comply with all applicable OSHA Standards and provisions of other Federal, State, and Municipal safety laws and Building Codes …the Contractor is solely responsible and accountable to ensure their personnel work safely, and Contractor management must enforce safe work practices.  It is not the responsibility of Purchaser [FE Generation] to supervise contractor personnel or certify equipment being used.

(Section 1.1.1).

11. The Service Contract specifically makes Enerfab responsible for training its personnel (Section 1.1.2), for conducting safety inspections and a Job Safety Analysis (Sections 1.1.7 & 1.1.8), for providing personal protective equipment such as respirators (Section. 1.2.1), for complying with applicable law when working in a "Confined Space" (Section 1.5), and for identifying potentially hazardous materials (Section 1.7).

12. Further, the Service Contract contains "General Terms and Conditions," which require, among other things, that Enerfab name FE Corp., FE Generation, and FE Mansfield,

3

among others, as additional insureds on Enerfab's commercial general liability insurance policies for "any losses resulting from, or related to, the Contractor's sole or concurrent negligence," and that the insurance policies provide primary and non-contributory coverage for such losses.

## The Underlying Lawsuits

13. FE Generation, FE Corp., and FE Mansfield have been named as defendants in two lawsuits alleging claims for negligence, wrongful death, and survivorship—*Estate of J. Gorchock v. FirstEnergy Corp., et al.*, No. 2:17-CV-01496 (W.D. Pa.) ("*J. Gorchock*") (**Exhibit A**) and *Estate of K. Bachner v. FirstEnergy Corp., et al.*, No. 2:17-CV-01497 (W.D. Pa.) ("*Bachner*") (**Exhibit B**). In addition, FE Generation, FE Corp., and FE Mansfield have been named as defendants in a lawsuit alleging a claim of negligence—*Cantwell v. FirstEnergy Corp., et al.*, No. 2:17-CV-01499 (W.D. Pa.) ("*Cantwell*") (**Exhibit C**). Finally, FE Generation, FE Corp., and FE Mansfield have been named as defendants in a lawsuit alleging claims of negligence and negligent infliction of emotional distress–*M. Gorchock v. FirstEnergy Corp., et al.*, No. 2:17-cv-01494 (W.D. Pa.) ("*M. Gorchock*") (**Exhibit D**). Collectively, *J. Gorchock*, *Bachner*, *Cantwell*, and *M. Gorchock* are referred to as the "Underlying Lawsuits."

14. The Underlying Lawsuits allege, *inter alia,* that in 2017, FE Generation, FE Mansfield, and/or FE Corp. contracted with Enerfab to have Enerfab perform work on the dewatering facility at the Bruce Mansfield Plant. This work was performed pursuant to the terms of the Service Contract.

15. The Underlying Lawsuits allege that Enerfab's employees, John Gorchock, Thomas Cantwell, Kevin Bachner, Nathaniel Compton, and Michael Gorchock, engaged in this work on August 29 and 30, 2017.

16. The Underlying Lawsuits further allege, *inter alia*, that during the work, a gas was released into the area where the Enerfab employees were working, injuring Mr. Cantwell, Mr. Compton, and Mr. M. Gorchock, and resulting in the death of Mr. Bachner and Mr. J. Gorchock.

17. The Underlying Lawsuits seek to hold FE Generation, FE Corp., and/or FE Mansfield liable for bodily injury caused in whole or in part by the acts or omissions of Enerfab, including through the concurrent negligence of Enerfab.

18. The complaints allege that FE Generation, FE Corp., and/or FE Mansfield "[f]ail[ed] to ensure the safety of . . . contractors . . . performing work at the Mansfield Plaint" and "[f]ail[ed] to ensure the safety of the work performed at the Mansfield Plant."  Exhibit A at ¶ 53(jj)-(kk); Exhibit B at ¶ 52(jj)-(kk); Exhibit C at ¶ 50(jj)-(kk); Exhibit D at ¶ 32(hh)-(ii).

19. As set forth in Paragraph 10 above, it was contractually agreed that Enerfab—not FE Generation, FE Corp., or FE Mansfield—was required to take "all necessary precautions for the safety and health of its employees" and was "solely responsible and accountable to ensure their personnel work safely."

20. The complaints allege that FE Generation, FE Corp., and/or FE Mansfield "[f]ail[ed] to supervise and monitor . . . contractors . . . in their work."  Exhibit A at ¶ 53(bb); Exhibit B at ¶ 52(bb); Exhibit C at ¶ 50(bb); Exhibit D at ¶ 32(bb).

21. As set forth in Paragraph 10 above, it was contractually agreed that Enerfab—not FE Generation, FE Corp., or FE Mansfield—was required to supervise Enerfab employees and that "[i]t [was] not the responsibility of Purchaser to supervise contractor personnel."

22. The complaints allege that FE Generation, FE Corp., and/or FE Mansfield "[f]ail[ed] to ensure that . . . contractors . . . involved in the work were properly experienced or

trained for the work that was to be performed." Exhibit A at ¶ 53(c); Exhibit B at ¶ 52(c); Exhibit C at ¶ 50(c); Exhibit D at ¶ 32(c).

23. As set forth in Paragraph 11 above, it was contractually agreed that Enerfab—not FE Generation, FE Corp., or FE Mansfield—was responsible for training its personnel.

24. The complaints alleged that FE Generation, FE Corp., and/or FE Mansfield "[f]ail[ed] to supply . . . contractors . . . with appropriate OSHA-compliant personal protective equipment" and [f]ail[ed] to ensure that . . . contractors . . . had and were using appropriate OSHA-compliant personal protective equipment." Exhibit A at ¶ 53(h)-(i); Exhibit B at ¶ 52(h)-(i); Exhibit C at ¶ 50(h)-(i); Exhibit D at ¶ 32(h)-(i).

25. As set forth in Paragraphs 10-11 above, it was contractually agreed that Enerfab—not FE Generation, FE Corp., or FE Mansfield—was responsible for providing personal protective equipment, including respirators. "It is not the responsibility of Purchaser to . . . certify equipment being used."

26. The complaints allege that FE Generation, FE Corp., and/or FE Mansfield "[f]ail[ed] to perform a workplace evaluation for the work area involved in this incident to determine if it was a 'confined space' as defined by OSHA," [f]ail[ed] to ensure . . . contractors . . . that the workplace complied with the permit space program, in violation of OSHA 1910.146(c)(8)(i)," and committed other OSHA violations. Exhibit A at ¶ 53(j)-(k), (n)-(r), (w)-(x); Exhibit B at ¶ 52(j)-(k), (n)-(r), (w)-(x); Exhibit C at ¶ 50(j)-(k), (n)-(r), (w)-(x); Exhibit D at ¶ 32 (j)-(k), (n)-(r), (w)-(x).

27. As set forth in paragraphs 10-11 above, it was contractually agreed that Enerfab—not FE Generation, FE Corp., or FE Mansfield—was required to ensure compliance with "all applicable OSHA Standards," including for work in a "Confined Space."

28. Paragraphs 18-27 are non-exhaustive examples of the underlying plaintiffs seeking to hold FE Generation, FE Mansfield, and FE Corp. liable for the acts or omissions of Enerfab, including the concurrent negligence of Enerfab.

29. Further, under Pennsylvania law, the negligence of a contractor can, in certain circumstances, be imputed to the employer of the contractor.

30. FE Generation, FE Corp., and FE Mansfield have answered the Complaints filed in the Underlying Lawsuits, denying their liability for the injuries discussed in the foregoing paragraph, and asserting various defenses to the claims asserted in the Underlying Lawsuits. Discovery has not yet commenced in the Underlying Lawsuits.

## The Valley Forge Policy

31. Valley Forge issued a general liability insurance policy to Enerfab for the period of September 30, 2016, through September 30, 2017, Policy No. CPM 1077500857  (the "Valley Forge Policy").  A true and accurate copy of the Valley Forge Policy is attached to the Complaint as **Exhibit E**.

32. The Valley Forge Policy defines an "Insured" to include "any . . . organization whom [Enerfab] is required by a written contract to add as an additional insured" with respect to that organization's liability for, among other things, "bodily injury . . . caused in whole or in part by the actions or omissions by or on behalf [Enerfab] and in the performance of [Enerfab's] ongoing operations as specified in such written contract."

33. FE Generation, FE Corp., and FE Mansfield are additional insureds as defined in the Valley Forge Policy.

34. The Valley Forge Policy provides that Valley Forge will defend additional insureds such as FE Generation, FE Corp., and FE Mansfield against any suit seeking damages for bodily injury to which the Valley Forge Policy applies.

35. The Valley Forge Policy applies to bodily injury that happens during the policy period if the damage is caused by an occurrence—defined generally to mean an accident.

36. The Underlying Lawsuits constitute claims for legal liability because of bodily injury to which the Valley Forge Policy applies.

37. Upon information and belief, all conditions and requirements imposed by the Valley Forge Policy, including paying premiums and providing notices of a claim, have been satisfied and/or have been waived and/or are subject to an estoppel against Valley Forge.  The Valley Forge Policy has been in full force and effect at all pertinent times.

38. FE Generation, FE Corp., and FE Mansfield submitted timely notice of the Underlying Lawsuits to Valley Forge, demanding that Valley Forge defend them against the Underlying Lawsuits.

39. Valley Forge denied that it had any obligation to defend FE Generation, FE Corp., and FE Mansfield against the Underlying Lawsuits and has refused to pay the defense costs incurred by FE Generation, FE Corp., and FE Mansfield in connection with the Underlying Suits.

40. FE Generation, FE Corp., and FE Mansfield have incurred and will incur defense costs as a result of the Underlying Lawsuits.

41. An actual and justiciable controversy presently exists between FE Generation, FE Corp., and FE Mansfield, on one hand, and Valley Forge, on the other, concerning Valley Forge's obligation to pay the defense costs of FE Generation, FE Corp., and FE Mansfield in connection with the Underlying Lawsuits.

## COUNT I – DECLARATORY JUDGMENT

42. FE Generation, FE Corp., and FE Mansfield repeat and reallege the allegations contained in paragraphs 1 through 41 of this Complaint as if fully rewritten here.

43. The Valley Forge Policy obligates Valley Forge to pay promptly the defense costs of FE Generation, FE Corp., and FE Mansfield as they are incurred whenever bodily injury is alleged to have taken place during the policy periods.

44. Valley Forge has denied its obligation to pay the defense costs of FE Generation, FE Corp., and FE Mansfield in connection with the Underlying Lawsuits.

45. Accordingly, an actual and justiciable controversy exists between FE Generation, FE Corp., and FE Mansfield, on one hand, and Valley Forge, on the other, and the issuance of declaratory relief will resolve the existing controversy between the parties.

## COUNT II – BREACH OF CONTRACT

46. FE Generation, FE Corp., and FE Mansfield repeat and reallege the allegations contained in paragraphs 1 through 45of this Complaint as if fully rewritten here.

47. The Valley Forge Policy obligates Valley Forge to pay promptly the defense costs of FE Generation, FE Corp., and FE Mansfield as they are incurred whenever bodily injury is alleged to have taken place during the policy periods.

48. Valley Forge has denied its obligation to pay the defense costs of FE Generation, FE Corp., and FE Mansfield in connection with the Underlying Lawsuits.

49. FE Generation, FE Corp., and FE Mansfield have suffered harm as a direct and proximate result of Valley Forge's breach and failure to honor its contract to pay for the defense of FE Generation, FE Corp., and FE Mansfield in connection with the Underlying Lawsuits.

**PRAYER FOR RELIEF**

WHEREFORE, FE Generation, FE Corp., and FE Mansfield respectfully request that the Court enter judgment against Valley Forge:

(1) On Count I of the Complaint, declaring that Valley Forge is contractually obligated under the Valley Forge Policy to defend FE Generation, FE Corp., and FE Mansfield against the claims asserted in the Underlying Lawsuits, together with interest, attorneys' fees, and costs; and,

(2) On Count II of the Complaint, awarding FE Generation, FE Corp., and FE Mansfield compensatory and consequential damages against Valley Forge, in an amount to be proven at trial in excess of $75,000, for the breach of its contractual duty to defend FE Generation, FE Corp., and FE Mansfield in the Underlying Lawsuits, together with interest, attorneys' fees, and costs.

Respectfully Submitted,

/s/ Amanda M. Leffler
Amanda M. Leffler (0075467)
Lucas M. Blower (0082729)
Kyle A. Shelton (0092083)
BROUSE MCDOWELL
388 South Main Street, Suite 500
Akron, Ohio 44311
Telephone: (330) 535-5711
Fax: (330) 253-8601
aleffler@brouse.com
lblower@brouse.com
kshelton@brouse.com

***Counsel for FirstEnergy Generation LLC and FirstEnergy Generation Mansfield Unit 1 Corp***

/s/ Mark J. Andreini
Mark J. Andreini (0063815)
JONES DAY

North Point
901 Lakeside Avenue
Cleveland, OH 44114
Phone: 216-586-3939
Email: mjandreini@jonesday.com

Matthew R. Divelbiss (pro hac vice to be filed)
JONES DAY
500 Grant Street
Suite 4500
Pittsburgh, PA  15219
Phone:  412-394-7297
Email:  mrdivelbiss@jonesday.com

***Counsel for FirstEnergy Corp.***

## DEMAND FOR JURY TRIAL

Plaintiffs FirstEnergy Generation LLC, FirstEnergy Corp., and FirstEnergy Generation Mansfield Unit 1 Corp. demand a trial by jury on all counts so triable.

Respectfully Submitted,

s/ Amanda M. Leffler
Amanda M. Leffler (0075467)
Lucas M. Blower (0082729)
Kyle A. Shelton (0092083)
BROUSE MCDOWELL
388 South Main Street, Suite 500
Akron, Ohio 44311
Telephone: (330) 535-5711
Fax: (330) 253-8601
aleffler@brouse.com
lblower@brouse.com
kshelton@brouse.com

*Counsel for FirstEnergy Generation LLC and FirstEnergy Generation Mansfield Unit 1 Corp*

/s/ Mark J. Andreini
Mark J. Andreini (0063815)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114
Phone: 216-586-3939
Email: mjandreini@jonesday.com

Matthew R. Divelbiss (pro hac vice to be filed)
JONES DAY
500 Grant Street
Suite 4500
Pittsburgh, PA  15219
Phone:  412-394-7297
Email:  mrdivelbiss@jonesday.com

*Counsel for FirstEnergy Corp.*